### UNIVERSAL TALKING MACHINE CO. v. FEINBERG.

(Supreme Court, Appellate Term   May 24, 1910.)

MASTER AND SERVANT (§ 80*)—COMPENSATION—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action to recover an amount advanced to defendant as traveling expenses while acting as a traveling salesman for plaintiff, in which defendant counterclaimed for a certain amount due him as salary and expenses, evidence *held* not to sustain a verdict for defendant for the full amount of his counterclaim.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 118, 119; Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Universal Talking Machine Company against Benjamin Feinberg. From a judgment for defendant on his counterclaim, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Gustav Lange, Jr. (Ralph Barnett, of counsel), for appellant.
Elisha K. Camp, for respondent.

LEHMAN, J. The defendant was employed by plaintiff as a traveling salesman on a weekly salary of $30 and the payment of his traveling expenses. Plaintiff advanced him $100 on account of his traveling expenses, and at the close of the week ending May 15th the defendant had spent only $44.64. The plaintiff has brought suit for the balance of the $100, viz., $55.36. The defendant admits that this sum is due, subject to his counterclaim for salary and expenses, amounting to $60.85 for the week ending May 22d, and demands affirmative judgment for $5.79.

It is not disputed that the defendant returned from a traveling trip on May 17th and resigned from plaintiff's employ on May 18th. Conceding that upon the most favorable possible inference to be drawn from the testimony the trial justice could find that his resignation was intended to take effect on May 22d, and that he continued to remain in plaintiff's employ till that date, the plaintiff would still be entitled to judgment for $25.36, unless the defendant also proves that he expended money for traveling expenses during that week. His only testimony is that for the week ending May 22d his expenses were "thirty dollars and some odd cents." Concededly he was in New York from Monday, May 17th, to Saturday, May 22d, and there is no testimony as to whether any of those expenses were for traveling to New York before May 17th. Certainly they could not all have been. Nevertheless the trial justice awarded him a judgment for the full amount demanded in the counterclaim, which included $30 for salary, $30.85 for expenses, and an additional 30 cents not accounted for, and apparently included by the attorney's faulty arithmetic.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.